# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

CARMEN ELIZABETH MARRERO HERNANDEZ, et al.,
Plaintiffs,

v.

ESSO STANDARD OIL COMPANY (PUERTO Rico), a Puerto Rico Corporation,
Defendant/ Third-Party Plaintiff,

v.

CARLOS RODRÍGUEZ PEREZ, CARMEN ORTIZ LOPEZ, and their conjugal partnership; and CARLOS M. BELGODERE PAMIES, JANET ROE, and their conjugal partnership,

Third-Party Defendants

CIVIL NO. 03-1485 (JAG/GAG)

## ORDER

Defendant's Motion for Reconsideration (Docket No. 210) of the Court's May 20, 2005 Opinion and Order granting in part and denying in part the motion for summary judgment is hereby **DENIED**.

Defendant contends the Court erred in its reading of <u>Morales Martínez v. Caribbean Petroleum Corp.</u>, No. KLCE9500675, 1996 P.R. Spp. Lexis 587 (April 24, 1996). Specifically, the Court failed to note that toxic tort abatement applies to the source of the nuisance, rather than to its effects. Here, as in <u>Morales Martínez</u>, the spill itself has ceased, and what remain, if any, are its aftereffects.

Although defendant's reading of <u>Morales Martínez</u> is indeed correct, the Appeals Court in its opinion, nonetheless left open the door for plaintiffs to raise a claim based on damages caused by defendant's failure to abate the effects of the nuisance:

> there is no hindrance or obstacle to any of the affected persons bringing claims for negligent acts or omissions incurred in the performance of corrective measures on the part of Caribbean or third parties, as this would constitute a different cause of suit to that under consideration here.

**Civil 03-1485 (JAG/GAG)**                              2

<u>Id</u> at * 12-13.  More so, the Court in <u>Morales Martínez</u>, contrary to here, was not presented with the abatement issue from the perspective of failure to take corrective measures regarding the effects of the spill.

In the case at bar, plaintiffs base their continuing nuisance claim on defendant's omissions in not taking any corrective measures to abate the harmful effects of the oil spill.  Thus, although the cause of the nuisance itself has ceased, the harmful effects thereof have not been corrected.  Rather than pleading a continuing nuisance based on an act, plaintiffs have properly pleaded a continuing nuisance based on a subsequent omission by the same party.  More so, defendant does not allege that it does not have an obligation to remedy the effects of the spill.

WHEREFORE, this Court reaffirms its earlier ruling to the effect that under Commonwealth law the abatement doctrine extends to toxic spill cases where the ensuing contamination has not been corrected by the tort feasor.  This ruling is consonant with existing Supreme Court precedent on abatement, as well as supported by intermediate appeals court opinions and works of commentators.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of June, 2005.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States Magistrate-Judge