IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARMEN E. MARRERO HERNANDEZ, et al.**,

   Plaintiffs,

   v.

**ESSO STANDARD OIL DE PUERTO RICO, INC., et al.**,

   Defendants.

**CIVIL NO. 03-1485 (JAG/GAG)**

**OPINION AND ORDER**

On May 20, 2005, the Court issued an Opinion and Order in the instant case dismissing plaintiffs' Environmental Protection Policy Act and Article 1802 negligence claims as time-barred. Presently before the Court is plaintiffs' motion for reconsideration (Docket No. 211). As a result of the issues presented in said motion, the Court ordered further briefing from both parties on certain specific issues. (Docket No. 215). Both parties timely filed their respective briefs. (Docket Nos. 230 and 231).

After reviewing the parties' briefs, the Court **VACATES** its prior dismissal of plaintiffs' Article 1802 and EPPA claims, and **DENIES** summary judgment as to said claims without prejudice.

**I. STANDARD OF REVIEW**

Motions for reconsideration are generally considered either under Fed. R. Civ. P. 59 or Rule 60, depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir., 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the Court. Villanueva-Méndez v. Vázquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994) (*citing* F.D.I.C. Ins. Co. v. World University, Inc. 978

**CIVIL NO. 03-2383 (PG)**                                        2

F.2d 10, 16 (1ˢᵗ Cir., 1992)). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". Id. at 123. See also, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

## II. LEGAL ANALYSIS

In reaching its earlier conclusion, the Court found that the plaintiffs' Article 1802 cause of action was time-barred in light of the fact that as early as January 14, 1999, they had acknowledged the toxic discharge and its source. As a result, the Court concluded that the plaintiffs had sufficient notice of the injury and culprit for Puerto Rico's one year statute of limitations to accrue. (Docket No. 208, p. 7). On reconsideration, the plaintiffs contend that the Court erred in dismissing their negligence claim under Article 1802 of the Puerto Rico Civil Code. *Plaintiff's Motion for Reconsideration*, p. 5-6 (Docket No. 211). After carefully re-reviewing the summary judgment record, the Court agrees with plaintiffs.

In the case at bar, the defendants supported their summary judgment claim on the fact that certain documentary evidence established that a large number of the plaintiffs had knowledge of the toxic discharges and their source long before filing the present case. The Court found merit in the defendants' argument, and based its disposition of the matter on the fact that, pursuant to Puerto Rico law, such a finding would be sufficient to establish notice of damage and injury, warranting accrual of the applicable one year statute of limitations. However, as correctly pointed out by plaintiffs, the Court erroneously encompassed in its conclusion all possible damages arising out of the spill, both personal and property related. While it is clear that plaintiffs had knowledge of the discharge and its source, the resulting types of damages and their date of discovery present issues of fact that cannot be ruled upon summarily at this juncture in the proceedings. Among the evidence originally presented in opposition of Esso's motion for summary judgment were medical reports prepared by Dr. María I. Martínez-Colón, wherein she sets forth the results of evaluations performed

**CIVIL NO. 03-2383 (PG)**                              3

on twenty-eight of the plaintiffs in November 2003, six months after filing the case at bar. **Plaintiffs' Exhibit I**. Also presented were undated medical reports of Dr. Máximo C. Blondet and Rafael Rodríguez-Servera, in which they comment on the respiratory condition of various plaintiffs. **Plaintiffs' Exhibit J**. Furthermore, various plaintiffs submitted statements under penalty of perjury in which they claim that they were first diagnosed with certain medical conditions in 2004. **Plaintiffs' Exhibits R, S, T, U and V**. The preceding creates an issue of material fact as to when such plaintiffs received notice of their alleged physical damages. Such notice is required by Puerto Rico law, and must be related to the specific damage for which recovery is sought. Colón-Prieto v. Geigel, 115 D.P.R. 232 246-47 (1984). Thus, absent evidence that individual plaintiffs received such notice outside of the one year limitations period, the Court may not summarily dispose of their claims at this juncture. As mentioned, the fact that plaintiffs knew of said spill and its source may be probative that some claims are time-barred, but not all. Which claims are precluded, thus, requires an individual study of the facts, which cannot be done with the summary judgment record as it now stands. The Court also notes that while defendants submitted an excerpt of Belgodere's deposition in which he states that back in 1998 he informed some of the plaintiffs of the possibility of filing suit for various types of damages, such evidence is not proof that, at the time, said residents were aware of the specific damages, just that they *may* have a right to bring forth such claims. **Defendants' Exhibit B**, *Carlos M. Belgodere Deposition* (Docket No. 85). The Court does not consider Belgodere's statements, in and of themselves, sufficient to comply with the notice requirement set forth in Colón-Prieto, 115 D.P.R. at 246.

Nonetheless, the defendants' allegations do raise issues related to if and when the various plaintiffs had knowledge of their alleged injuries, for which further discovery may be called for. Hence, while the Court does reconsider its prior stance, it is not foreclosing the defendant from presenting evidence to that effect once the record is further developed. Consequently, the Court **VACATES** its prior ruling (Docket No. 208) dismissing the plaintiffs' negligence claim under Article 1802 of the Puerto Rico Civil Code, and hereby **DENIES WITHOUT PREJUDICE** the defendants' request to that effect.

**CIVIL NO. 03-2383 (PG)** 4

Lastly, the plaintiffs have not challenged the Court's finding that Puerto Rico's one year statute of limitation for damages claims also applies to their EPPA cause of action.[1] *Plaintiffs' Memorandum in Support of Motion for Reconsideration*, p. 6-7 (Docket No. 211). Instead, they claim that, as with their 1802 cause of action, the Puerto Rico discovery rule precludes summary judgments inasmuch as they first learned of Esso's violation of the EPPA on May 21, 2001, when the Puerto Rico Environmental Quality Board ("EQB") issued such findings. Id., p. 7.

The EPPA allows for any person, natural of juridical, to file a damages claim against another party for violation of sections 1121-1140a of the Act. P.R. Laws Ann. tit. 12 § 1139. In the case at bar, the Court dismissed the plaintiffs' EPPA claim in light of its ruling that the applicable one year statute of limitations had begun to accrue when they received notice of the discharge and its source. However, the evidence presented does not establish that plaintiffs knew of the EPPA violation until the EQB ruled on the matter on May 21, 2001. Such an official finding is required under the EPPA for a civil action to proceed. Hence, it was not until said date that an EPPA violation was officially established, which in turn gave notice to plaintiffs of the violation, warranting accrual of the one year limitations period, which was arguably tolled by plaintiffs' counsel's May 20, 2002 letter to ESSO on behalf of plaintiffs.[2] See *Defendant's Motion for Summary Judgment*, p. 7 n. 7 (Docket No. 85). Consequently, the Court's prior dismissal of the plaintiffs' damages claim under the EPPA is hereby **VACATED** and the defendants' request for summary judgment to that effect is **DENIED**.

---

[1] Plaintiffs' challenge to the Court's prior ruling is limited to alleging that the Court failed to "adequately apply" the Puerto Rico Supreme Court's ruling in Olmo v. Young & Rubicam of Puerto Rico, Inc., 110 D.P.R. 749 (1981), to the case at bar. *Plaintiffs' Memorandum in Support of Motion for Reconsideration*, p. 7 (Docket No. 211). However plaintiffs have failed to squarely set forth any argument to support their contention.

[2] The Court notes that said letter has only been referenced to in the defendant's motion for summary judgment. (Docket No. 85, p. 7 n.7). However, the May 20, 2002 letter on behalf of the plaintiffs has not been presented to the Court, for which no ruling is made as to its validity as an extrajudicial claim under Puerto Rico's tolling doctrine.

**CIVIL NO. 03-2383 (PG)**                              5

### III. CONCLUSION

**WHEREFORE**, the Court hereby **VACATES** its prior dismissal of plaintiffs' 1802 and EPPA claims, and **DENIES** summary judgment as to said claims **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**Date: June 13, 2005**                              **S/ Gustavo A. Gelpí**
                                                     **GUSTAVO A. GELPÍ**
                                                     **U.S. Magistrate Judge**