**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**CARMEN MARRERO HERNANDEZ, et al.,**

   **Plaintiffs,**

v.

**ESSO STANDARD OIL COMPANY (PUERTO RICO); CARLOS RODRIGUEZ PEREZ,**

   **Defendants.**

**CIVIL NO. 03-1485 (GAG)(JA)**

## ORDER

After further considering and researching the jury trial issue, the court rules as follows. Plaintiffs, under <u>Tull v. United States</u>, 481 U.S. 412 (1987), are entitled to a trial by jury as to the liability aspect of their claims. More so, under Fed Rule Civ. P. 39(c)(2), the court notes that all parties to this action have requested trial by jury. See Plaintiff's Second Amended Complaint, Docket No. 200-2 at ¶ 80; Esso's Answer Thereto, Docket No. 305 at ¶ 90; Third Party Defendant's Answer Thereto, Docket No. 546 at 80. However, under <u>Tull</u>, plaintiffs are not entitled to trial by jury as to the penalty and remedy aspects of their claims. This ruling is in accord with the prevailing view amongst most, if not all, federal courts.

Notwithstanding the above, the court strongly encourages plaintiffs, as well as all other parties, to forego the jury request as to their CERCLA, CWA, and RCRA claims. This is so, because the court understands that a significant part of the evidence which is to be presented is relevant only to the penalty and relief rulings, which must ultimately be made by the court. In addition, presenting such evidence in a cumulative manner will have a significant prejudicial effect on the jury, which will at some point overweigh its probative value. Also, the court notes that the statutes involved in this case are extremely technical in nature, therefore adding to possible jury prejudice and confusion. Absent a jury, the court can entertain without difficulty continuous testimony from a same witness as to both liability, as well as penalty/remedy aspects.

The plaintiffs, by tomorrow, Friday, February 20, 2009, at the commencement of trial, shall

**Civil No. 03-1485 (GAG)(JA)**

inform the court whether they will retract their jury request and proceed before the court. This will guarantee to all parties trial of the federal "citizen suit" claims in a quicker and more efficient manner. It will also allow the parties to submit post-trial briefs on both liability and penalty/relief issues. More so, the court at trial can conditionally accept evidence which is objected, subject to a subsequent ruling on its admissibility and weight.

    **SO ORDERED.**

    In San Juan, Puerto Rico this 19th day of February, 2009.

*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge