IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARMEN MARRERO HERNANDEZ, et al.**,

    Plaintiffs,

v.

**ESSO STANDARD OIL COMPANY (PUERTO RICO), et al.**

    Defendants.

CIVIL NO. 03-1485 (GAG)(JA)

## **MEMORANDUM OPINION AND ORDER**

    The court hereby **DENIES** Esso's Motion for Judgment as a Matter of Law under Rule 50(b) and/or for a New Trial under Rule 59(a). (Docket No. 1063). Esso's legal arguments as to the prelitigation notice and the insufficiency of plaintiffs CWA and RCRA claims were all previously considered by the court, both at the motion to dismiss and summary judgment stages, as well as on the eve of trial, in briefs presented by the parties regarding the right to trial by jury. See Docket No. 849, Marrero Hernández v. Esso, 571 F. Supp. 2d 305 (D.P.R. July 10, 2008), (Opinion and Order denying motion to dismiss for lack of jurisdiction); Docket No. 974, Marrero Hernández v. Esso, 597 F. Supp. 2d 272 (D.P.R. February 10, 2009) (Opinion and Order denying motion for summary judgment); Docket No. 1025, Marrero Hernández v. Esso, 599 F. Supp. 2d 175 (D.P.R. March 2, 2009) (Order re: the right to trial by jury). The court stands by its previous rulings, which continue to be the law of the case.

    Esso also argues, for the first time in this case, that the Court's interpretation at Docket. No. 1025 as to the sufficiency of a hydrological connection between ground and surface waters for federal jurisdiction to attach under the CWA, raises Commerce Clause concerns under Solid Waste Agency of Northern Cook County v. U.S. Army Corps. of Eng'rs, 531 U.S. 159, 172 (2001) ("SWANCC") and Rapanos v. U.S., 547 U.S. 715, 738 (2006). Given the split among courts as to this particular issue, it is this court's understanding that the Supreme Court's decisions in SWANCC and Rapanos could still allow the interpretation made at Docket No. 1025 regarding the First

**Civil No. 03-1485 (GAG)(JA)**

Circuit's holding in <u>Town of Norfolk v. Army Corps of Enginers</u>, 968 F.2d 1438 (1st Cir. 1992), as well as the jury's finding of liability under the CWA, predicated upon the sufficiency of the hydrological connection between contaminated groundwaters at La Vega and the surface waters of the Piñonas River.  Therefore, the court also denies Esso's motion on this ground.

Finally, the court has evaluated Esso's argument that its evidence regarding the RCRA petroleum exclusion, 40 C.F.R. § 261.4(b)(10), was uncontroverted by plaintiffs and that, as such, the jury could not reject it in favor of plaintiff's unsupported theory.  The court disagrees.  Esso concedes that it could have made the determination of the wastewater toxicity by testing the waste *and/or* by "[a]pplying knowledge of the hazard characteristic of the waste in light of the materials or the processes used."  Docket No. 1063 at 36 & 1104-2 at 5-6 (quoting 40 C.F.R. § 262.11(c)).  Though Esso presented documentary evidence that the wastes were non-hazardous, to wit, Defendant's Exhibit J at 3-3 (Esso's November 2002 report, which mentions that, based on TCLP data, the water and soils at the site were classified as non-hazardous waste), the jury was free to evaluate such evidence for its credibility, as well as consider all other evidence that could lead them to conclude otherwise.  Accordingly, there is testimonial evidence in the record that the jury could have relied upon to reach its conclusion that the wastes at issue in this case were in fact hazardous and, hence, fell outside of the petroleum exclusion.  In light of the above, Esso's motion for judgment as a matter of law on this ground is also denied.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of June, 2009.

*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge