**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

CARMEN MARRERO HERNANDEZ, et
al.,

    **Plaintiffs,**

v.                                                                    **CIVIL NO. 03-1485 (GAG)(JA)**

ESSO STANDARD OIL COMPANY
(PUERTO RICO), et al.

    **Defendants.**

## ORDER

The court has before it several pending motions: Esso's Request for Ruling on Existence of Supplemental Jurisdiction over Plaintiffs' Commonwealth Claims (Docket No. 1079); Esso's Motion to Dimiss Plaintiffs' Claim for Violations of Puerto Rico UST Rules (Docket No. 1080); and Esso's Motion to Dismiss CERCLA Claim or, in the Alternative, for "Bill of Particulars" (Docket No. 1081). For the reasons stated herein, the court **DENIES** Esso's motion for a ruling as to supplemental jurisdiction (Docket No. 1079), **DENIES** Esso's motion to dismiss the plaintiffs' claim regarding Puerto Rico UST rules (Docket No. 1080), but **GRANTS** Esso's motion to dismiss the plaintiffs' CERCLA claim (Docket No. 1081). The court shall address each issue *seriatim*.

Esso moves for a ruling on the existence of supplemental jurisdiction over the plaintiffs' Commonwealth claims (Docket No. 1079), asserting that, in its order at Docket No. 737, the court indicated that once it ruled on dispositive motions addressing the federal claims in this case, it would rule on supplemental jurisdiction over the Commonwealth claims. Esso argues that, because the court has since ruled on dispositive motions addressing the federal claims, and has decided that it has original subject matter jurisdiction over plaintiffs' RCRA, CWA, and CERCLA claims, it must now rule on supplemental jurisdiction. However, as the plaintiffs' point out (see Docket No. 1109), the court subsequently emitted a specific ruling on the matter of supplemental jurisdiction, at a status conference held on December 12, 2007 (see Docket No. 755). In the *Minutes of Proceedings and Order* related to the status conference, "[t]he Court advised the parties that if all the federal claims

**Civil No. 03-1485 (GAG)(JA)**

1   are dismissed at the Rule 56 stage the supplemental claims will be dismissed without prejudice, as

2   the court will not exercise supplemental jurisdiction." Id. at 2. "If any of these federal claims,

3   however, is tried," the court advised it would "exercise its supplemental jurisdiction over the Phase

4   B claims (except upon a change in the law dictating otherwise)." Id. Given this order, and the fact

5   that none of the federal claims were dismissed at the Rule 56 stage –indeed, some have already been

6   tried– the court **DENIES** Esso's motion (Docket No. 1079) and reiterates that it has accepted

7   supplemental jurisdiction over the plaintiffs' Commonwealth claims.  However, this ruling is

8   without prejudice to Esso moving for summary judgment as to specific plaintiffs, for lack of

9   standing or on any other valid ground, once discovery is completed as to the supplemental claims.

10      Esso also moved to dismiss the plaintiffs' claim for violations of Puerto Rico UST Rules for

11   lack of federal subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).  (Docket No. 1080).  The

12   court has considered Esso's argument relying on U.S. Dept. of Energy v. Ohio, 503 U.S. 607 (1992),

13   and U.S. Technology Corp. v. Johnson, 2009 WL 86745 (S.D. Ohio 2009), and rejects the same.

14   While U.S. Dept. of Energy dealt with a CWA disposition that is different in content and scope than

15   the one at issue here, for which reason it does not preclude this court's previous ruling on this matter,

16   Johnson is a district court case that is not binding on this court and, what is more, relied on the same

17   arguments that were already rejected at Docket No. 974, Marrero Hernández v. Esso, 597 F. Supp.

18   2d 272 (D.P.R. 2009) (Opinion and Order denying motion for summary judgment).  As to the

19   defendant's other arguments, they have previously been brought to the court's attention and been

20   ruled upon.  The court stands by its previous decision on this issue and, thus, **DENIES** Esso's

21   motion to dismiss (Docket No. 1080).

22      Finally, Esso moves to dismiss the plaintiffs' CERCLA claim pursuant to Fed.R.Civ.P.

23   12(b)(1) and 12(c), as well as its previously filed summary judgment motion, and, alternatively, for

24   a "bill of particulars" (Docket No. 1081).  Esso argues that the claim should be dismissed because

25   the plaintiffs have failed to identify the "standard, regulation, condition, requirement, or order"

26   allegedly being violated, which is a requirement to state a claim under CERCLA section 310, 42

27

28                                     2

**Civil No. 03-1485 (GAG)(JA)**

1  U.S.C. § 9659(a)(1) (citizens' suit provision).  Esso contends that the plaintiffs' invocation in the

2  pretrial order of the National Contingency Plan ("NCP"), 40 C.F.R. part 300, as the standard of

3  which Esso is in violation is insufficient to state a claim, not only because it lacks specificity, but

4  also because there is no legal authority stating that Esso is required to comply with the NCP.[1]  In

5  response to this contention, the plaintiffs argue that as a private entity, Esso is obligated to

6  substantially comply with the NCP in order to recover response costs from any other person

7  responsible for the contamination at La Vega.  The plaintiffs' theory hinges on the fact that Esso

8  filed a complaint for contribution under CERCLA against Carlos Rodriguez-Perez and Carlos

9  Belgodere-Pamies in 2001 (Civil No. 01-2012), wherein Esso admitted that it was a "covered

10  person" and, hence, a responsible party under section 107 of CERCLA, 42 U.S.C. 9607 (response

11  cost recovery provision).  Esso's counter-argument is that the NCP sets a *voluntary* clean-up

12  standard in the context of a CERCLA cost-recovery action, not a citizens' suit action such as the one

13  brought by plaintiffs in this case.  Moreover, Esso points out that this court rejected the plaintiffs'

14  judicial estoppel argument at Docket No. 337 (see also Docket No. 974 at 22 n.2).

15      The court agrees with Esso's arguments.  In the only instance in which CERCLA requires

16  compliance with the NCP is in the context of a CERCLA section 107 claim for recovery of response

17  costs from those who have improperly handled hazardous waste, 42 U.S.C. § 9607(a)(4).  Under

18  section 107 such individuals are "liable for-(A) all costs of removal or remedial action incurred by

19  the United States Government or a State . . . [and] (B) any other necessary costs of response incurred

20  by any other person."  Id.  If a private individual has incurred in response costs, he can sue the person

21  who is responsible for the mishandling of the hazardous waste, but only for "necessary costs of

22  response . . . consistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(B); § 9601(23)-

23

---

24

25      [1] Esso also argues that the pre and post litigation notices were insufficient in light of what
    has now been clarified as the plaintiffs' theory of liability, since the notice letters make no mention

26  of the NCP or steel corrosion.  The court understands that the notice letters are still enough to confer
    jurisdiction, as they were "sufficiently specific" to comply with the statutory and regulatory

27  requirements.  (See Docket No. 849).  Esso's motion on this ground is, therefore, denied.

28                                    3

Civil No. 03-1485 (GAG)(JA)

(25); see Dedham Water Company v. Cumberland Farms Dairy, Inc.,889 F.2d 1146 (1st Cir. 1989) (discussing the elements of the private right of action under section 107). Thus, CERCLA itself only requires that individuals respond to the release (or threat of release) of hazardous substances in accordance with the NCP in as much as they might later expect to recover their necessary costs in an action under section 107. The NCP states that "[a]ny person *may* undertake a response action to reduce or eliminate the release or threat of release of hazardous substances . . . [Section 107] of CERCLA authorizes persons to recover certain response costs consistent with this Plan from responsible parties." Id. at 1155 (quoting C.F.R. § 300.71) (emphasis added).

Here, the plaintiffs are suing under section 310 of CERCLA, which does not even permit the recovery of "cleanup costs." See Regan v. Cherry Corporation, 706 F. Supp. 145, 148-50 (D.R.I. 1989). Section 310 limits district court jurisdiction to ordering injunctive remedial relief and to imposing "any civil penalty" provided for the violation of a relevant standard, regulation, condition, requirement, or order, which has become effective pursuant to CERCLA. Id. at 149 (citing 42 U.S.C. § 9659(c)). Since this court already ruled against the plaintiffs' judicial estoppel arguments (see Docket Nos. 337 & 974 at 22 n.2), and there was no judgment in Esso's favor in the previous case approving the payment of response costs under section 107,[2] the plaintiffs cannot rely on this as a basis for compliance by Esso with the NCP, however desireable that may be from an environmental policy standpoint. Furthermore, none of the specific NCP dispositions cited by the plaintiffs (i.e. 40 C.F.R. §§ 300.700(c)(3)(1), 300.1, 300.420, 300.3, 300.400-300.440, 300.430, and 300.435) establish that private parties must comply with the NCP outside of the context of a section 107 action. Thus, there is no basis for CERCLA enforcement of the NCP in this particular case.

---

[2] The court notes that Esso's action in Civil No. 01-2012 was actually brought under section 113(f) of CERCLA, 42 U.S.C. § 9613(f). The case was dismissed with prejudice after Esso moved for voluntary dismissal. (See Civil No. 01-2012, Docket Nos. 296, 297). The dismissal was based on a recent Supreme Court decision which held that a private party such as Esso, who had not been sued under sections 106 or 107 of CERCLA, could not obtain contribution from other liable parties under section 113(f). See Cooper Indus., Inc. v. Aviall Servs., Inc., 543 U.S. 157 (2004).

**Civil No. 03-1485 (GAG)(JA)**

1    The plaintiffs argue, in the alternative, that their CERCLA claim should not be dismissed

2  because the general failure to investigate, delineate, and remediate the release of hazardous

3  substances are violations under section 310 of CERCLA.  They cite <u>Furrer v. Brown</u>, 62 F.3d 1092

4  (8th Cir. 1995), <u>Blue Legs v. U.S. Bureau of Indian Affairs</u>, 867 F.2d 1094, 1098 (8th Cir. 1989),

5  and <u>K-7 Enterprise, L.P. v. Jester</u>, 562 F. Supp. 2d. 819, 826 (E.D. Tex. 2007) as authority for this

6  proposition.  These cases, however, are all RCRA cases and are, therefore, inapposite to the issue

7  at hand.  Thus, the plaintiffs have failed to identify any other specific disposition, within CERCLA

8  itself or in regulations approved pursuant to that statute, <u>see</u> 42 U.S.C. § 9659(a)(1), that could give

9  rise to a section 310 claim against Esso for failure to investigate, delineate, and remediate the release

10  of hazardous substances.  The court, therefore, **GRANTS** Esso's motion to dismiss the plaintiffs'

11  CERCLA claim (Docket No. 1081) for lack of jurisdiction.

12    **SO ORDERED.**

13    In San Juan, Puerto Rico this 16th day of June, 2009.

15    *S/ Gustavo A. Gelpí*

16    GUSTAVO A. GELPI
    United States District Judge

5